E-FILED
Friday, 18 May, 2012  02:34:12 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL DEARMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3412 |
| | ) | |
| DR. OBAISI and | ) | |
| Nurse Practitioner PATTY | ) | |
| REICHART | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Logan Correctional Center, pursues claims arising from the substitution of Amoxicillin for Bactrim to treat a skin condition on Plaintiff's face. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a

1

prisoner against a governmental entity or officer and, through such

process, to identify cognizable claims, dismissing any claim that is

"frivolous, malicious, or fails to state a claim upon which relief may be

granted."  A hearing is held if necessary to assist the Court in this review,

but, in this case, the Court concludes that no hearing is necessary.  The

Complaint and its attachments are clear enough on their own for this

Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice

pleading standard under Federal Rule of Civil Procedure 12(b)(6).

Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a

claim, the allegations must set forth a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2).  Factual allegations must give enough detail to give "'fair notice

of what the . . . claim is and the grounds upon which it rests.'" EEOC v.

Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting*

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation

omitted).  The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

When Plaintiff arrived at Logan Correctional Center in October, 2010, he was taking a prescribed medication called Bactrim for his face. Dr. Obaisi, "for no reason," changed the medication to Amoxicillin. Shortly thereafter Plaintiff began experiencing "all kinds of pain in [his] face" and "'broke out' with very bad, big bumps all over [his] face, very painful."  (Complaint, p. 5).  Dr. Obaisi ignored Plaintiff's complaints of

pain and admitted to him at some later point that he had switched the medicine to save costs.  Nurse practitioner Reichart allegedly ignored Plaintiff's complaints of pain, remarking that "no one cares about people who are in prison."  (Complaint, p. 6).  Plaintiff allegedly is still experiencing "pain and bumps in [his] face."  Id.

## ANALYSIS

Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment.  Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008).  The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Id., quoting  Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).  An objectively serious need also presents itself if "'failure to treat [the condition] could result in further significant injury or unnecessary and wanton infliction of pain.'"  Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999)(quoted cite omitted).

Plaintiff appears to be describing acne, which can certainly be

uncomfortable but does not rise to the level of a serious medical need. *See, e.g.,* <u>Carr v. Correctional Medical Services</u>, 2009 WL 4281455 *2 (N.D. Ind. 2009)("Although it may be uncomfortable or unpleasant, acne does not constitute a serious medical need for purposes of the Eighth Amendment.")(collecting other district court cases).  Plaintiff appeared by video conference at the merit review on February 6, 2012 and did not appear to have any noticeable problems with his face.  Additionally, no plausible inference of deliberate indifference arises from Dr. Obaisi's decision to switch Plaintiff's prescriptions.  *See* <u>Snipes v. DeTella</u>, 95 F.3d 586 (7th Cir. 1996)("Medical decisions that may be characterized as 'classic example [s] of matter[s] for medical judgment,' <u>Estelle</u>, 429 U.S. at 107, 97 S.Ct. at 292-93, such as whether one course of treatment is preferable to another, are beyond the Amendment's purview.")(brackets in <u>Snipes</u>).

In sum, no plausible inference of a serious medical condition or deliberate indifference arises from Plaintiff's allegations.  The alleged derisive remarks by Defendants may have been callous and

unprofessional, but alone do not violate the Constitution.  <u>Dewalt v. Carter</u>, 224 F.3d 607, 612 (7th Cir. 2000)(citations omitted)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

Accordingly, the Complaint will be dismissed, without prejudice, for failure to state a claim.  If Plaintiff believes that he can allege facts which will allow a plausible inference that he suffers from a serious medical need, he may file an amended complaint.  If not, this case will be closed and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED:

1)  Pursuant to 28 U.S.C. § 1915A, the Court dismisses Plaintiff's Complaint, without prejudice, for failure to state a claim.

2) By May 31, 2012, Plaintiff may filed an Amended Complaint in accordance with this Opinion.  If no Amended Complaint is filed, this case will be closed and Plaintiff will be assessed a "strike" under 28

6

U.S.C. § 1915(g).[1]

ENTERED: May 18, 2012

FOR THE COURT:

_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE

---

[1]Section 1915(g) bars a prisoner from proceeding in forma pauperis if he or she has filed at least three actions while a prisoner which were dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim . . . ."